Walter A. Romney, Jr. (7975)
 war@clydesnow.com
Joseph D. Kesler (12138)
 jdk@clydesnow.com
**CLYDE SNOW & SESSIONS**
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, Utah 84111-2516
Telephone: 801.322.2516
Facsimile: 801.521.6280

*Attorneys for Defendants Craig England and Wen Partners, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| **HARRIS RESEARCH, INC.**, a Utah corporation,<br><br>    **Plaintiff,**<br><br>v.<br><br>**CRAIG ENGLAND**, an individual, **WHITE GLOVE ENTERPRISES, LLC**, a California Limited Liability Company, and **WEN PARTNERS, LLC**, a California Limited Liability Company, each of whom are doing business as "WHITE GLOVE CHEM-DRY" and/or "WHITE GLOVE CARPET & UPHOLSTERY CLEANING,"<br><br>    **Defendants.** | **DEFENDANTS CRAIG ENGLAND AND WEN PARTNERS, LLC'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br><br><br><br><br><br><br>Civil No. **1:10-cv-0089-TC**<br><br>**Honorable Tena Campbell** |

Defendants Craig England ("England") and Wen Partners, LLC ("Wen") (collectively, "Defendants" or "these Defendants"), by and through counsel of record CLYDE SNOW & SESSIONS, hereby submit this memorandum in support of their motion to dismiss for lack of

personal jurisdiction. Plaintiff's Verified Complaint should be dismissed as the exercise of personal jurisdiction over Defendants is improper under Utah's long-arm statute, Utah Code Ann. § 78B-3-205 since these Defendants have no contacts with Utah and no such contacts have been alleged by Plaintiff. Further, the exercise of specific personal jurisdiction over these Defendants would violate Defendants' due process rights and offend traditional notions of fair play and substantial justice.

## INTRODUCTION

Defendant Wen is a California limited liability company that operates a carpet and upholstery cleaning business under the trade name White Glove Carpet & Upholstery Cleaning located in and conducting business solely within Kings, Fresno, and Tulare Counties, California. Defendant England is the sole member of Wen and is a resident of Tulare County, California. England has only been to Utah a few times in his life, but only in the airport to change flights. Defendants do not conduct or solicit any business in Utah, nor does Plaintiff's Verified Complaint allege that Defendants conduct any business, or are qualified to do business, in the State of Utah.

Plaintiff does not allege in its Verified Complaint that this Court has personal jurisdiction over these Defendants, nor does Plaintiff plead facts from which this Court could conclude that it has jurisdiction over these Defendants, but instead cursorily alleges only that "a substantial part of the events giving rise to the claims asserted herein occurred in this District." (Verified Compl. ¶ 2. Plaintiff's abdication of this fundamental pleading requirement is no accident: Plaintiff cannot in good faith allege that jurisdiction exists over these Defendants in this forum because it does not. None of these Defendants are residents of Utah or licensed in Utah. None of these

Defendants have conducted any business in Utah and none have engaged in "continuous and systematic" contacts with Utah. Further review of the Verified Complaint demonstrates that Plaintiff carefully avoids describing any "events" occurring in Utah. Instead, all the alleged conduct purportedly occurred in California. *See id*. ¶¶ 8, 18-23, 25-26, 28, 33. Indeed, Plaintiff's Verified Complaint does not allege that any conduct occurred in Utah

In order for this Court to exercise specific personal jurisdiction over a non-resident defendant, 1) the defendant must have engaged in some act enumerated under Utah's long-arm statute, 2) the cause of action against defendant must arise from the enumerated act, and 3) the defendant's contacts with the forum state, upon which personal jurisdiction is premised, must not offend traditional notions of fair play and substantial justice.

In this case, the Plaintiff alleges that Defendants have held themselves out as Chem Dry franchisees without authorization. While these Defendants deny that they are holding themselves out as Chem Dry franchisees, it is beyond dispute that the alleged conduct is solely occurring in California. Plaintiff has not alleged that Defendants do business in Utah, solicit business in Utah, or have any connection whatsoever to Utah. Thus, the Court's exercise of personal jurisdiction over Defendants cannot be premised on any allegation in Plaintiff's Verified Complaint related to the purported infringement of Plaintiff's trademarks in California.

Similarly, the Court may not exercise personal jurisdiction over Defendants related to Plaintiff's breach of contract claims. The reasons are twofold: 1) Plaintiff's Verified Complaint is premised upon a contract to which these Defendants are not parties; and 2) even assuming *arguendo* that somehow there is privity of contract with these Defendants to the Franchise Agreement, a) Defendants did not enter into any agreement with Plaintiff; and b) Defendants

have not had contacts with the State of Utah sufficient to meet the due process requirements of the Fifth and Fourteenth Amendments to the Constitution. Defendants are not owners, members, or assignees of the other Defendant, White Glove Enterprises, LLC, nor is it alleged that they are so. Even if these Defendants had privity of contract concerning the agreements in Plaintiff's Second Claim for Relief, such breach of contract occurred in California, and Utah is simply not the correct forum for adjudication of the dispute.

For these reasons, and as set forth below, this Court lacks personal jurisdiction over Defendants and should dismiss Plaintiff's Verified Complaint.

## STATEMENT OF FACTS

1. Defendant England is a resident of Tulare County, California. (Declaration of Craig England ¶ 2, a copy of which is incorporated herein in its entirety by this reference and is attached hereto as Exhibit "A.")

2. Defendant England has never conducted business in the State of Utah and has only been to Utah's airport on a few occasions to change flights. (*Id.* ¶ 3.)

3. Defendant Wen is a California limited liability company with its principle places of business in Kings, Fresno, and Tulare Counties, California. (*Id.* ¶ 4.)

4. Defendant England is the only member of Wen. (*Id.*)

5. Defendant Wen operates a carpet and upholstery cleaning business operating under the trade name White Glove Carpet & Upholstery Cleaning located in and conducting business solely within Kings, Fresno, and Tulare Counties, California and does not have any contact with Utah. (*Id.* ¶ 5.)

6. Defendants offer their services almost exclusively to residents of Kings, Fresno, and Tulare Counties, California. (*Id.* ¶ 6.)

7. Neither England nor Wen have offices in the State of Utah and neither have conducted nor currently conducts any business in the State of Utah. (*Id.* ¶ 7.)

8. Wen is wholly contained within the State of California. (*Id.*)

9. Defendants are not owners, members, or assignees of the other Defendant, White Glove Enterprises, LLC. (*Id.* ¶ 8.)

10. Defendants are not parties to the Agreements attached as Exhibits B or C to Plaintiff's Verified Complaint. (*Id.*, ¶ 9)

11. Neither Plaintiff nor Defendant White Glove Enterprises, LLC, consulted with or obtained either England's or Wen's consent to the Agreements attached as Exhibits B and C to Plaintiff's Verified Complaint, nor did Defendants participate in any negotiation or the execution of the Agreements. (*Id.* ¶ 10.)

12. Defendants do not hold themselves out as a Chem Dry franchisee. (*Id.* ¶ 11.)

13. Defendants do not own, lease, or use any real property in Utah. (*Id.* ¶ 12.)

14. Defendants do not have any bank accounts in Utah. (*Id.* ¶ 13.)

15. Defendants do not operate any business, offer services, or advertise in Utah, and none of the Defendants are registered or licensed to do business in Utah. (*Id.* ¶ 14.)

16. Defendants do not have a registered agent in Utah. (*Id.* ¶ 15.)

17. Defendants have no mailing addresses in Utah. (*Id.* ¶ 16.)

18. Defendants have no telephone listing in Utah. (*Id.* ¶ 17.)

19. Defendants have no employees in Utah. (*Id.*, ¶ 18)

## ARGUMENT

Under Utah law, a plaintiff must prove by a preponderance of the evidence that the Court may exercise personal jurisdiction over a non-resident defendant. *See Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005) (citations omitted). Plaintiff bears the burden of establishing personal jurisdiction over the Defendants. *See Kadmar & Co. v. Laray Co.*, 815 P.2d 245, 248 (Utah Ct. App. 1991); *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999); *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 148 F.3d 1086, 1091 (10th Cir. 1998).

At this stage in the litigation, Plaintiff must make a *prima facie* showing of jurisdiction. *See id.* However, "only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Patriot Systems, Inc. v. C-Cubed Corp.*, 21 F. Supp.2d 1318, 1321 (D. Utah 1998) (citations omitted). Even construing the allegations in Plaintiff's Verified Complaint as true, and resolving any factual dispute by reading the facts in a light most favorable to Plaintiff, as the Court must do,[1] Plaintiff cannot meet its burden. Simply put, Plaintiff has failed to plead a *prima facie* showing that personal jurisdiction is proper. This pleading defect arises from the fact that Defendants have not transacted business in Utah, have no "minimum contacts" with Utah, and therefore, Defendants are not subject to the personal jurisdiction of this Court.

---

[1] *See id.; see also DeMoss v. City Market, Inc.*, 762 F. Supp. 913, 916 (D. Utah 1991); *Behagen v. Amateur Basketball Ass'n*, 744 F. 2d 731, 733 (10th Cir. 1984), *cert denied*, 471 U.S. 1010, 105 S. Ct. 1879, 85 L. Ed. 2d 171 (1985).

{00173310-1}

6

This Court may exercise specific personal jurisdiction[2] over Defendants if "(1) the defendant's acts or contacts must implicate Utah under the Utah long-arm statute [Utah Code Ann. § 78B-3-205]; (2) a 'nexus' must exist between the plaintiff's claims and the defendant's acts or contacts; and (3) application of the Utah long-arm statute satisfies the requirements of federal due process." *Pro Axess*, 428 F.3d at 1276; *see also STV Int'l Mktg. v. Cannondale Corp.*, 750 F. Supp. 1070, 1074 (D. Utah 1990); *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995); *Phone Directories Co., Inc. v. Henderson*, 20 00 UT 64, ¶ 12; *In Application to Enforce Administrative Subpoenas Duces Tecum of SEC v. Knowles*, 87 F.3d 413, 417-18 (10th Cir. 1996).

## I.   Defendants Have No Contacts with the State of Utah to Support an Assertion of Personal Jurisdiction Under the Utah Long-Arm Statute.

This Court may exercise personal jurisdiction over Defendants pursuant to the Utah long-arm statute only if Defendants have engaged in one of the enumerated acts contained thereunder.[3]  Defendants have not transacted business in Utah or entered into a contract to supply goods in Utah and, notwithstanding the fact that no other section of the long-arm statute

---

[2]   No facts have been plead or suggest that Defendants would be subject to "general" personal jurisdiction.  As such, this memorandum focuses on why specific personal jurisdiction does not exist in Utah.

[3] Utah's long-arm statue states in relevant part:

> Any person, . . ., whether or not a citizen or resident of this state, who in person or through an agent, does any of the following enumerated acts is subject to the jurisdiction of the courts of this state as to any claim arising out of or related to:
>
>   (1) the transaction of any business within this state;
>   (2) contracting to supply services or goods in this state;
>   (3) the causing of any injury within the state whether tortious or by breach of
>        warranty;
>   (4) the ownership, use, or possession of any real estate situated in this state; . . . .

Utah Code Ann. § 78B-3-202 (2010).

applies, Defendants have engaged in no enumerated act under the long-arm statute. In *Roskelley & Co. v. Lerco, Inc.*, 610 P.2d 1307, 1311 (Utah 1980), the Utah Supreme Court explained the "doing business" subsection of the Utah long-arm statute as follows:

> if the action is brought pursuant to the long-arm statute because defendant is not doing substantial business in the forum state, plaintiff must show that his claim arises out of some contact defendant has with the forum state, some action undertaken by defendant by which it can be shown that defendant has 'purposefully availed himself of the privilege of conducting activities within the forum state.'

*Id.* (*citing Hansen v. Denkla*, 357 U.S. 235, 253 (1958)). *Hansen* teaches that unless the litigation is directly related to the defendant's acts which it purposefully avails itself of the privilege of conducting business within the forum state, a state may not exercise personal jurisdiction over a non-resident defendant. *See Hansen*, 357 U.S. at 253.

Similarly, the Court in *Patriot Systems*, held that the language "arising from" in Utah's long-arm statute, "is quite narrow and therefore mandates that the court abstain from taking jurisdiction in those cases where the plaintiff's claims and the defendant's contacts are only tenuously 'related.'" *Patriot Systems*, 21 F. Supp.2d at 1324. Here, the there are no contacts, not even "tenuously related" contacts. Simply put, Defendants have not transacted business within the State of Utah for the purposes of exercising personal jurisdiction over them under Utah's long-arm statute, Utah Code Ann. § 78B-3-205, where "at least some activities must occur within Utah" to qualify as transacting business in this state. *Pohl, Inc. of Am. v. Webelhuth*, 2007 UT App 225, ¶ 9, 164 P.3d 1272.

"[T]ransaction of business within this state mean[s] activities of a nonresident person . . . *in this state* which affect persons or businesses within the State of Utah." *Id.* (emphasis in

original) (citing prior version of Utah Code Ann. § 78B-3-202). None of the activities relevant to this case "occur[red] within Utah." *Id.* Indeed, the Verified Complaint is silent about any conduct at all taking place in Utah, and certainly silent as it relates to these Defendants. Moreover, as the Declaration of Craig England declares, these Defendants have had no contact whatsoever with Utah. *See* Ex. "A."

Plaintiff fails to demonstrate that Defendants took any actions *in this state* for purposes of the long-arm statute and fails to offer any evidence that exercising jurisdiction over Defendants will fall within the limitations imposed by the due process clause of the Fourteenth Amendment. As such, Plaintiff's Verified Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

**II.     Plaintiff Cannot Establish Defendants had Any Constitutionally Required Minimum Contacts With Utah and that a Nexus Exists Sufficient For This Court to Exercise Personal Jurisdiction Over Defendants.**

To carry its burden of establishing that the exercise of personal jurisdiction over the Defendants is proper, the Plaintiff must—at a minimum—establish that Defendants have "minimum contacts with [Utah] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). As the Tenth Circuit has explained, whether a defendant's contacts with the forum state constitute "minimum contacts" depends on the relationship, if any, between those contacts and the underlying litigation. *See OMI Holdings*, 149 F.3d at 1090-91; *see also Kuenzle v. HTM Sport-Und Freizeitgerate A.G.*, 102 F.3d 453, 455-56 (10th Cir. 1996).

Specific jurisdiction exists if a non-resident defendant directs certain activities at the forum state and the litigation arises from those activities. *See OMI Holdings*, 149 F.3d at 1090-

91. Indeed, specific jurisdiction requires a showing that the defendant purposefully directed activities toward the forum state, such that the defendant should have foreseen being sued there. *See Burger King Corp. v. Redzewicz*, 471 U.S. 462, 474 (1985); *see also Asahi Metal Indus Co. v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987). A defendant's contacts with Utah are sufficient only if a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, and if jurisdiction does not otherwise 'offend traditional notions of fair play and substantial justice.'" *Knowles*, 87 F.3d at 418. Additionally, a defendant must "purposefully direct[ ] its activities toward the forum jurisdiction [ ] where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." *Id.*

This Court can exercise specific jurisdiction over Defendants only if Plaintiff is able to establish a nexus between its cause of action and Defendants' contacts with Utah. *See OMI Holdings*, 149 F.3d at 1095; *see also Doe v. National Med. Servs.*, 974 F.2d 143, 145-46 (10th Cir. 1992). Plaintiff cannot carry this burden because there is no nexus between this litigation and Utah. All of the alleged conduct occurred in California. Additionally, these Defendants have had no contact whatsoever with Utah. *See* Ex. "A."

Moreover, Plaintiff's apparent reliance on the Franchise Agreement entered into by Plaintiff and the other Defendant, White Glove Enterprises, LLC, does not provide the necessary nexus. For example, in *Patriot Systems*, the plaintiff, a Utah corporation, sued a non-resident competitor located in Virginia for, *inter alia*, copyright infringement and unfair competition. The plaintiff had contracted with the United States government to provide software. Ultimately, after the plaintiff's contract expired, the defendant provided similar software to the government. *Id.,* 21 F. Supp.2d at 1318. The contracts were for the delivery of computer programs to the

United States Government Printing Office in Washington, D.C., and delivery of programs to "Utah was never the ultimate purpose or goal of defendant's contracts with the government." *Id.* at 1322. Additionally, the "defendant entered into, agreed to perform, and has performed all of its obligations pursuant to its governmental contracts outside Utah." *Id.*

This Court in *Patriot Systems* explains that where the plaintiff is not a party to the contract upon which it would premise personal jurisdiction, and where the ultimate goal of the contract is not to effect any Utah business, these allegations likewise fail to provide the requisite "minimum contacts" upon which the Court might exercise personal jurisdiction over Defendant. *See id.* The *Patriot Systems* Court held that even if these contacts supplied the requisite nexus between plaintiff's claims and defendant's contracts, "due to the distribution of three of defendant's computer programs in Utah, the court is of the opinion that such a finding ultimately would not pass muster under federal due process considerations." *Id.* Additionally, Utah courts have "flatly" rejected the notion that causing financial injury to a Utah company provides a sufficient basis to exercise specific personal jurisdiction over a non-resident defendant. *See id.* at 1321 (citations and quotation omitted).

Defendants have not "purposefully availed" themselves of the privilege of conducting business in Utah or of utilizing Utah laws. Defendants have had no contact with Utah. Defendants did not enter into a contract in Utah, did not consent to the assignment of a contract entered into by a third party, White Glove Enterprises, LLC, nor participated in the negotiations of any agreements with Plaintiff. As such, Defendants did not foresee being hailed into court in Utah.

### III. The Exercise of Personal Jurisdiction Over Defendants Would Offend Traditional Notions of Fair Play and Substantial Justice Thereby Violating Defendants' Due Process Rights.

Defendants do not have the requisite minimum contacts, and have not purposefully established any contacts with the State of Utah. As the above analysis makes clear, the exercise of personal jurisdiction over these Defendants would deny due process.

The considerations under due process analysis are set in stone:

> The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contact, ties or relations." . . . "In judging minimum contacts, a court properly focuses on the 'relationship among the defendant, the forum, and the litigation.'" . . . "The relationship between the defendant and the forum must be such that it is 'reasonable . . . to require the corporation to defend the particular suit which is brought there.'"

*Romney v. St. John Virgin Grand Villas Associates*, 734 F. Supp. 957, 960 (D. Utah 1990) (internal citations omitted). Assertion of personal jurisdiction over Defendants by this Court violates Defendants' due process rights. Even if this Court were to find that constitutionally minimum contacts existed between any Defendant and this forum, the Court must further determine that the exercise of jurisdiction over each Defendant would be reasonable and comport with "traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quotation omitted); *Burger King*, 471 U.S. at 475.

The *Romney* Court noted:

> [t]he constitutional touchstone remains whether the defendant should reasonably anticipate being hailed into court in the forum State . . . because it has purposefully availed itself of the privilege of conducting activities within the . . . State, thus invoking the benefits and protections of its laws[.]

*Romney*, 734 F. Supp. at 961 (quotations and citations omitted).

{00173310-1}

In making this determination, the Court considers "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies[,]" to determine whether due process requirements have been met. *See Id*. Here, the burden on Defendants is great as they have no connections to Utah whatsoever. Moreover, the State of Utah has no interest in furthering the adjudication of this dispute.

In determining the boundaries of "fair play and substantial justice" the Court must determine whether exercising personal jurisdiction is "reasonable in light of the circumstances surrounding the case." *OMI Holding*, 149 F.3d at 1091. One important consideration is "the interstate judicial system's interest in obtaining the most efficient resolution of controversies." *Id.* at 1095. The analysis focuses in part on "whether the forum state is the most efficient place to litigate the dispute." *Id.* at 1097. One factor considered in this inquiry is the location of witnesses and where the events occurred. *Id.* Here, the purported conduct giving rise to Plaintiff's claims all took place in California. It would be patently unreasonable to have this matter litigated in Utah when all the participants are located in California. This case should clearly be adjudicated in California. To adjudicate this dispute in Utah would violate the concepts of "fair play and substantial justice" and thus Defendants' due process rights.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests this Court to dismiss Plaintiff's Verified Complaint against it under Rules 12(b)(2) and 12(b)(6) for lack of personal jurisdiction.

DATED this 25th day of August 2010.

**CLYDE SNOW & SESSIONS**

_____
Walter A. Romney, Jr.
Joseph D. Kesler
*Attorneys for Defendants Craig England
and Wen Partners, LLC*

## CERTIFICATE OF SERVICE

I certify that on the 25th day of August 2010, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following:

    Lewis M. Francis
     lfrancis@joneswaldo.com
    Jessica P. Wilde
     jwilde@joneswaldo.com
    JONES WALDO HOLBROOK & MCDONOUGH
    170 South Main Street, Suite 1500
    Salt Lake City, Utah 84101
    *Attorneys for Plaintiff*



## Exhibits

**Exhibit A:**   Declaration of Craig England